# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN MARVELL JACKSON,<br><br>    Defendant. | Case No. CR-20-134-RAW |

### ORDER

The Defendant was charged with one count of murder in Indian Country in perpetration of robbery, two counts of robbery in Indian Country, and one count of using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence.  Docket Nos. 61 and 62.  On March 3, 2022, the jury rendered its verdict of guilty on all four counts.  Docket Nos. 167 and 168.  On March 31, 2022, the Defendant filed his motion for new trial pursuant to Federal Rule of Criminal Procedure 33.  This motion [Docket No. 173] is now before the court, as well as the Government's response thereto [Docket No. 173] and the Defendant's reply [Docket No. 176].

Rule 33 provides that the court may vacate a guilty verdict and grant a new trial if the interest of justice so requires.  Fed. R. Crim. P. 33(a).  The motion must be filed within 14 days of the guilty verdict unless it is grounded on newly discovered evidence.  Fed. R. Crim. P. 33(b)(2).  Before the 14 days to file the motion expired, the Defendant moved for an extension of time until March 31, 2022 to file his motion.  The court granted the motion for extension of time.

Fed. R. Crim. P. 45(b)(1)(A).  The motion, therefore is timely, and the court considers it on the merits.

The court has discretion in ruling on the motion and may weigh the evidence and assess witness credibility.  *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999). Nevertheless, "[a] motion for a new trial is not regarded with favor and is only issued with great caution."  *United States. v. Herrera,* 481 F.3d 1266, 1269-70 (10th Cir. 2007).

The Defendant argues that he is entitled to a new trial because in calling Logan Boyd who claimed to have been, but was not, the Defendant's cellmate for three months, the Government knowingly solicited perjury.  The Government argues that the Defendant has failed to establish that perjury occurred.  The court agrees.

"A conviction obtained by the introduction of perjured testimony violates due process if (1) the prosecution knowingly solicited the perjured testimony or (2) the prosecution failed to correct testimony it knew was perjured."  *United States v. Vaziri*, 164 F.3d 556, 563 (10th Cir. 1999).  "A new trial is required if the false testimony could in any reasonable likelihood have affected the judgment of the jury."  *Id*.  The Defendant bears the burden to demonstrate that perjured testimony is material, i.e., whether it appears beyond a reasonable doubt that it contributed to the verdict.  *United States v. Langston*, 970 F.2d 692, 700 (10th Cir. 1992).

Mr. Boyd testified at trial that he was cellmates with the Defendant and that he heard the Defendant confess to murder.  Docket No. 171, at 133-36 and 150-58.  The Defendant argues that Mr. Boyd's claim that he was cellmates with the Defendant was false, as evidenced by the testimony of Leighton McComas, the Director of Operations at the Okmulgee County Jail.

Mr. McComas testified that from August 4th until November 24th, the Defendant and Mr. Boyd were housed in the same pods – first "C Pod" and then later "Z Pod" – both of which are

closed dorms with cell doors. *Id*. at 175-176. Mr. McComas further testified that the Defendant and Mr. Boyd did not share the same cell. *Id*. at 177-179 and 185. The Defendant was assigned to a cell on the first floor, while Mr. Boyd was assigned a cell on the second floor. *Id*. at 184.

The cells were not locked and there was no staff on duty within the pods, but there were four inmate counts per day, during which inmates would be required to be in their cells. *Id*. at 176-178. Mr. McComas testified that it is not true that an inmate "can change his cell if he chooses and it is okay with the other cellmate." *Id*. at 180. When asked if that can happen, he testified: "It doesn't – it can, but it doesn't stay that way. They might try to do that, but it gets changed back." *Id*. at 181.

Mr. McComas also testified that inmates "could be in the same cell during the day and go up there and communicate with each other throughout the whole day if they wanted to. They may not be assigned to that cell, but they can share whatever time they want together in a cell if that's what they are doing." *Id*. at 181-82. Inmates could move about from one floor to another within the pod. *Id*. at 184. Mr. McComas also agreed that he has "no way of knowing who is in what cell at any time of the day or night unless there is a count going on." *Id*. at 185.

While it is clear from Mr. McComas' testimony that the Defendant and Mr. Boyd were never assigned to the same cell, they were assigned to the same pod and were free to visit in either of their cells during many if not most hours of the day and night. *Id*. at 185. As the Government argues, the jury in this case heard vigorous cross-examination on the "cellmate" issue and closing arguments addressing the inconsistencies between Mr. Boyd's and Mr. McComas' testimony. As the Tenth Circuit did in *Vaziri*, the court concludes "the jury was properly apprised of the possibility of false testimony, and that at that point it was for the jury to settle any related questions of credibility." *Vaziri*, at 564.

Accordingly, the motion for new trial [Docket No. 173] is denied.

**IT IS SO ORDERED** this 6th day of June, 2022.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**